QUINN v. BRADLEY.

NEGLIGENCE—AUTOMOBILES—DEATH — CONTRIBUTORY NEGLIGENCE— EVIDENCE—DIRECTED VERDICT.

In an action for the death of plaintiff's decedent by being struck by defendant's taxicab, testimony that decedent was struck while alighting from a street car or while still on the car preparing to alight, *held*, to preclude a

directed verdict for defendant on the ground of decedent's. contributory negligence, although said testimony was out of accord with all the other testimony in the case, since its weight was for the jury.

Error to Muskegon; Vanderwerp (John), J.　Sub-- mitted April 21, 1922.　(Docket No. 83.)　Decided June 5, 1922.

Case by Agnes M. Quinn, administratrix of the estate of Leo J. Quinn, deceased, against Martha' Eaton Bradley for the alleged negligent killing of plaintiff's decedent.　Judgment for defendant on a directed verdict.　Plaintiff brings error.　Reversed.

*James E. Sullivan. (Edward C. Farmer,* of counsel), for appellant.

*Harris E. Galpin. (Joseph T. Riley,* of counsel), for appellee.

FELLOWS, C. J.　July 5, 1920, on Lake street in the city of Muskegon, plaintiff's decedent was struck and instantly killed by a taxicab owned by defendant. The. testimony unquestionably made a case of negligence on the part of the driver of defendant's taxicab.　The testimony of the witnesses called by plaintiff tended to show that decedent boarded a street car at Lincoln avenue to go to Addison street, some 8 blocks distant.　The car and trailer were both crowded and decedent rode on the step.　When plaintiff rested her case the proofs had established that decedent had safely alighted from the car, getting off while the car was proceeding slowly, and had taken one or more steps toward the curb without looking to ascertain what traffic was approaching.　Defendant's counsel moved for a directed verdict, a recess was had, the case was re-opened for further proof and a witness was called who testified to seeing the accident from the sidewalk.　Speaking of decedent, he said:

'"He was getting off right straight from me. I was standing on the sidewalk and it looked, as though he was—I didn't see him hit the ground at all. It just looked as though he let loose and the next I seen him he was rolling under the back end of the car.

"*Q.* That front end of the car was, in your opinion, just opposite the sidewalk on Addison street?

"*A.* Yes, sir, maybe two or three feet on towards the center of the street, but it wasn't any more than that.

"*Q.* Did you observe Mr. Quinn taking any step or stepping off the car?

"*A.* No, sir, I don't believe he did. I don't believe he even hit the pavement before he was hit. I believe that he was hit just at the time that he was leaving the step off of the street car."

The trial judge granted defendant's motion and directed a verdict for defendant on the ground of decedent's contributory negligence. In this we think there was error. The testimony above quoted took that question to the jury. If decedent was struck in mid air or while still on the step and when preparing to alight, it cannot be said as matter of law that he was guilty of contributory negligence. The credit to be given this testimony was for the jury. Even though it was out of accord with all the other testimony in the case and the overwhelming weight of the evidence opposed it, still that fact would not justify a directed verdict. *In re Cochrane's Estate*, 211 Mich. 370.

The judgment must be reversed with a new trial. Plaintiff will recover costs of this court.

Wiest, McDonald, Clark, Bird, Sharpe, Moore, and Steere, JJ., concurred.